Anthony **RUSSO** and Joann **Russo** on behalf of themselves and their infant children, **Rose Russo** and **Antonina Russo**, **Plaintiffs**,

v.

**STATE OF NEW YORK**, State of New York Police Department, **Lawrence Cichocki**, **Delbert George**, **Orange Motel Corporation**, **Tina Horton**, **Howard Johnson Company** and **Big V Supermarkets, Inc.**, **Defendants**.

No. 79 Civ. 1650.

United States District Court, S. D. New York.

May 14, 1981.

---

Lawrence R. Posner, Newburgh, N. Y., for plaintiffs.

Law Office of Richard Hartman by Ronald J. Davis and Stewart Krupin, Mineola, N. Y., Robert Abrams, Atty. Gen. by Howard L. Zwickel, New York City, for defendants.

## MEMORANDUM AND ORDER

SOFAER, District Judge:

Plaintiff Anthony Russo, and three members of his family, brought this suit under 42 U.S.C. § 1983 alleging that defendants deprived them of their constitutional rights. Plaintiffs also brought a number of state law claims, based upon the same series of events. Several of the claims and most of the defendants were dismissed by the Court or dropped by the plaintiffs prior to or during the trial. The jury found one of the two remaining defendants, State Trooper Lawrence Cichocki, liable to Anthony Russo for malicious prosecution under New York State law, and awarded him $25,000 in compensatory damages and $5,000 in punitive damages. The jury found no liability on both the section 1983 claim and the state claim of intentional infliction of emotional harm.

Anthony Russo has moved for attorney's fees pursuant to 42 U.S.C. § 1988. For the reasons set forth in this Court's opinion in *Meriwether v. Sherwood*, 514 F.Supp. 433, 435–37, filed this date, plaintiff is a prevailing party, entitled to an award of attorney's fees. (No other basis exists for this award, since plaintiff's claim would be barred by *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).)

Plaintiff requests attorney's fees of $16,908.75. His attorney claims that he spent 225.45 hours preparing for and conducting the trial, and that he should be compensated at the rate of $75 an hour. He asserts that the computation of hours does not include time spent on motions or depositions relating to the defendants against whom claims were dropped prior to the trial. He also states that he has excluded time for which his records were imprecise. The attorney claims that his normal billing rate is $50 per hour, but that he charges $75 per hour for "complex litigation" which he defines as litigation that "differs a great deal from [his] normal stock of family court and other matrimonial litigation." Plaintiffs' attorney handled this case on a contingent-fee basis, under which he was to re-

ceive an amount equal to one-third of any recovery.

This Court has considered all of the documents submitted in connection with this motion, including those submitted by the State. Plaintiff's attorney's actual hourly rate seems reasonable in light of his performance and the prevailing rates in the geographic area of his practice. Furthermore, the litigation was not particularly complex, and no papers were submitted by plaintiff reflecting sophisticated analysis of any issue. The award sought must be reduced, moreover, in light of the fact that only one of four plaintiffs prevailed on only one of several claims, and against only one of the eight original defendants. While such a result does not automatically require that a fee award be reduced, in this case the complaint was drawn much too broadly, and certain defendants were unnecessarily kept in the case up to the point of trial. Discovery costs were also inflated by Anthony Russo's failure to attend a deposition and his general lack of cooperation.

The appropriate award in this case, therefore, is $10,000, the amount to which plaintiff's attorney is entitled under the contingent-fee arrangement as representing the fair value of the attorney's services. It constitutes one-third of plaintiff's total recovery and compensates plaintiff fully for his legal expenses without unduly rewarding his attorney. The amount is only slightly less than that which the attorney would have received had he billed the plaintiff at his customary rate of $50 an hour.

Defendants' request that the Court defer its decision on the motion for attorney's fees pending the outcome of the appeal of this case to the Second Circuit is denied.

The Clerk will enter judgment for plaintiff Anthony Russo against defendant Lawrence Cichocki in an amount of $10,000 for attorney's fees. 42 U.S.C. § 1988. This shall not be considered an additional award to plaintiffs for purpose of the contingent-fee arrangement between plaintiff and his attorney, and the attorney shall not receive any payment from plaintiff in addition to the $10,000 already owing.

SO ORDERED.