721 F.2d 410
 Anthony RUSSO and Joann Russo, on behalf of themselves and
their infant children Rose Russo and Antonina
Russo, Plaintiffs-Appellees,
v.
STATE OF NEW YORK, the State of New York Police Department,
Lawrence Cichocki, Delbert George, Orange Motel
Corporation, Tina Horton, Howard
Johnsons Company and Big V
Supermarkets, Inc., Defendants,
Lawrence Cichocki, Defendant-Appellant.
 Nos. 161, 309, Dockets 81-7244, 81-7442.
 United States Court of Appeals,
Second Circuit.
 Decided Feb. 9, 1982.
Opinion Filed Nov. 4, 1983.
 
 Before FEINBERG, Chief Judge, and TIMBERS and MESKILL, Circuit Judges.ON REHEARING
 PER CURIAM:
 
 
 1
 In Russo v. State of New York, 672 F.2d 1014 (2d Cir.1982), we reversed the judgment entered after a jury trial in the United States District Court for the Southern District of New York, 515 F.Supp. 470, awarding plaintiffs compensatory and punitive damages in a malicious prosecution action because we held that plaintiff Anthony Russo had not proved that the underlying criminal proceedings were terminated in his favor. We remanded for a new trial. Subsequently, Russo applied to this Court for permission to file a late petition for rehearing claiming that our mandate should be withdrawn and the judgment of the district court awarding plaintiffs compensatory and punitive damages reinstated. After asking for and receiving a response from the appellant, Cichocki, we allowed the late filing and now recall the mandate and grant the petition for rehearing.
 
 
 2
 To bolster his position that the favorable termination question had been incorrectly decided by this Court, Russo, with our permission, filed an appendix including material which was not part of the original record on appeal. We find one question raised by this new material to be troublesome, namely, whether the actions of Cichocki's trial counsel amounted to a concession that the prior termination was favorable. Although we do not believe that a reversal of our prior decision is warranted, we do modify that decision as follows: we reverse and vacate both judgments below and remand for a new trial before a different judge on the issue of favorable termination only. If plaintiff should be successful at the retrial on this limited issue, the judgments below should be reinstated; if plaintiff should be unsuccessful at the retrial, judgment should be entered in favor of the defendant. The parties shall bear their own costs.