Richard COX, Plaintiff,

v.

The COUNTY OF SUFFOLK,
et al., Defendants.

No. CV 91–0801.

United States District Court,
E.D. New York.

Dec. 10, 1991.

Richard J. Kaufman, Port Jefferson, N.Y., for plaintiff.

E. Thomas Boyle, Suffolk County Atty. by Charles P. Kelly, Hauppauge, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Richard Cox brings this action for alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 and for pendent state claims against the County of Suffolk ("County"), the Suffolk County Police Department ("Police Department"), and Suffolk County police officers Thomas A. Ingald, David Maddox, Arthur Ahl and Gail Schaarschmidt ("police officers"). This Court's jurisdiction is based on 28 U.S.C. §§ 1331, 1332, 1343 and pendent jurisdiction. Presently before the Court is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed below, the motion is granted in part and denied in part, with leave granted to all parties to replead after the completion of discovery.

## BACKGROUND

According to Cox's complaint and affidavit, he and Ronnie Christian, an acquaintance of three or four years, were out-of-state workers for the New York Telephone Company who, in the fall of 1989, were lodged together at the South Bay Motel in Copiague, New York. Before dawn, on December 2, 1989, Christian, who is much larger and stronger than Cox, brought a young woman back to their room where Cox had been asleep. Over Cox's verbal protests, Christian proceeded to brutally assault and repeatedly rape the woman. Further, by the use of threatening words and behavior directed at the woman and at Cox, Christian twice compelled the woman to perform acts of oral sodomy with Cox. Finally, after raping the woman yet again, Christian fell asleep. Cox then told the woman to discontinue her sexual act with him, and to dress and leave the motel room. Cox remained in the room and went back to sleep. At approximately eight o'clock in the morning he was awakened by the police, arrested and charged with sodomy in the first degree, a Class B felony.

Cox alleges that when he was first taken into custody he was told by a female officer that the police had spoken with the complaining witness (the rape victim), that they knew Cox was not responsible for the attack, and that they just wanted to take his statement. Moreover, by 9:18 a.m. the complaining witness had completed a three page written statement for the police which stated in relevant part: "I think [Cox] wanted no part [of the oral sodomy] but I could tell he was really scared of [Christian]".

Nevertheless, Cox alleges that while he was being questioned at the police station that same day, he was kicked once or twice in the leg by an unidentified plainclothes police officer. He further alleges that when he was arraigned the following day in Suffolk County District Court, a NYSIIS report of a Richard J. Cox, who was born in the same month and year as plaintiff, was presented as plaintiff's prior criminal record. Partly as a result of Richard J. Cox's prior criminal record, plaintiff's bail was set at $250,000, which he could not meet.

On December 11, 1989, Cox was indicted on the sodomy charge by the Grand Jury of Suffolk County and Richard J. Cox's NYSIIS report was again presented to the Court at plaintiff's bail hearing. Bail remained at $250,000 and, as a result, he remained in custody for more than 90 days.

On March 22, 1990, the Suffolk County District Court, after an *in camera* review of the December 11, 1989 Grand Jury minutes, dismissed the indictment. Cox clearly showed "that the evidence before the Grand Jury, if unexplained and uncontradicted, would not warrant a conviction by a trial jury" because Cox was an unwilling participant in the oral sodomy and therefore lacked the *mens rea* to commit sodomy in the first degree. *People v. Christian and Cox*, unpublished Memorandum and Decision, County Court, Suffolk Coun-

ty, Indictment Number 2093–89, March 22, 1990.

Plaintiff lists 5 causes of action in his complaint: (1) deprivations of his Constitutional Rights under the Fourth, Fifth and Fourteenth Amendments based upon false arrest, malicious prosecution, and the use of excessive force by police officers, all in violation of 42 U.S.C. § 1983; and pendent state actions for (2) negligence; (3) assault and battery; (4) false arrest; and (5) malicious prosecution.

## I. DISCUSSION

A party seeking summary judgment has the burden to establish that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). In determining a motion for summary judgment all inferences to be drawn from the facts contained in the exhibits and depositions "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Hawkins v. Steingut*, 829 F.2d 317, 319 (2d Cir.1987). Nevertheless, "the litigant opposing summary judgment 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)).

## A. NEGLIGENCE, ASSAULT AND BATTERY AND FALSE ARREST CLAIMS

The parties have agreed that plaintiff's second, third and fourth claims (the pendent state claims for negligence, assault and battery, and false arrest) are barred by New York's notice of claim provisions and its statute of limitations. *See* General Municipal Law §§ 50–e, 50–h and 50–i.

## B. SECTION 1983 CLAIMS AGAINST THE COUNTY AND THE POLICE DEPARTMENT

Cox's § 1983 action is based on (1) alleged violations of his rights under the Fifth and Fourteenth Amendments due to his arrest and prosecution, without probable cause, for sodomy in the first degree and (2) an alleged violation of his rights under the Fourth Amendment by an unidentified police officer's use of excessive force during questioning.

In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a local government may not be sued under § 1983 under a theory of *respondeat superior*. "Instead, it is when the execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. at 2037. Moreover, "where the policy relied upon is not itself unconstitutional, considerably more proof than [a] single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) (plurality opinion).

Plaintiff in this case has stated no facts to support the bare assertion in his complaint that the County and the Police Department institutionalized, authorized, tolerated or approved the alleged misconduct of the police officers named in this action. He has not presented any evidence tending to show that the County and/or the Police Department have an unconstitutional policy or that they have unconstitutionally applied a proper policy. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 1203–04, 103 L.Ed.2d 412 (1989).

When faced with defendants' properly supported motion for summary judgment, plaintiff cannot simply rest on his conclusory allegations without submitting any significant probative evidence tending to support his complaint. *Quinn*, 613 F.2d at 445; *Anderson*, 477 U.S. at 249, 106 S.Ct.

at 2510. Accordingly, summary judgment is granted as to the County and the Police Department on the § 1983 claim.

## C. SECTION 1983 CLAIMS AGAINST THE POLICE OFFICERS

### a. *False Arrest*

Defendant police officers first state that all the statutorily defined elements of sodomy in the first degree were clearly present in this case.[1] They note that the statute does not mention any required *mens rea*. Therefore, they conclude, they had probable cause to arrest and prosecute Cox.

■ By defendants' reasoning, however, the complaining witness in this case, who had been brutally assaulted and repeatedly raped, could also have been properly arrested and prosecuted for committing sodomy; she too engaged in deviate sexual intercourse with another person by reason of compulsion. Needless to say, such an arrest and prosecution would be both absurd and against the clear intent and purpose of the statute. Indeed, New York State Penal Law § 15.15 states: "A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability." Accordingly, defendants' mere tracking of the criminal statute defining sodomy, while ignoring all exculpatory evidence regarding *mens rea*, was not sufficient to establish probable cause to arrest and prosecute Cox.

The police officers next contend that they are entitled to summary judgment on the § 1983 claim to the extent it is grounded in alleged violations of Cox's Fifth and Fourteenth Amendment rights because under the doctrine of qualified immunity, they are entitled to immunity from civil suit even if they lacked probable cause for the arrest and prosecution, so long as their belief concerning the presence of probable cause was not patently unreasonable. *Malley v. Briggs*, 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986);

*Magnotti v. Kuntz*, 918 F.2d 364, 367–68 (2d Cir.1990); *Warren v. Dwyer*, 906 F.2d 70, 75 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 431, 112 L.Ed.2d 414 (1990). Moreover, "evidence that might be insufficient to sustain a finding of probable cause ... [could] be adequate for the judge to conclude it was reasonable for [the police officers] to believe [they] had a good basis for their actions." *Magnotti*, 918 F.2d at 367; *see Malley*, 475 U.S. at 343–45, 106 S.Ct. at 1097–98; *Warren v. Dwyer*, 906 F.2d at 75.

■ Qualified immunity is not only a defense to liability, but also a "protection against having to defend a lawsuit." *Magnotti*, 918 F.2d at 367. Furthermore, a judge can determine the applicability of qualified immunity on a motion for summary judgment based on the "objective legal reasonableness" of government officials' acts assessed in terms of the legal rules clearly established at the time those acts took place. *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1981); *Washington Square Post No. 1212 American Legion v. Maduro*, 907 F.2d 1288, 1291 (2d Cir.1990). In *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), Justice Scalia explained that the trial court must not only determine whether the legal rule was clearly established, but also whether the particular acts taken by the government officials seeking immunity would clearly violate existing law. *Id.* at 640, 107 S.Ct. at 3039.

■ In the instant case, Cox was arrested along with Christian in the very room in which Christian assaulted and raped the complaining witness; Cox admitted to participating in non-consensual deviate sexual acts with the complaining witness; and the arrest occurred before the complaining witness completed her written statement. Under these circumstances, the Court holds that it was not objectively unreasonable for the police officers to believe that they had

---

1. A person is guilty of sodomy in the first degree when he engages in deviate sexual intercourse with another person: (1) by forcible compulsion; or (2) who is incapable of consent by reason of being physically helpless. New York State Penal Law § 130.50.

probable cause to arrest Cox; consequently, they are entitled to qualified immunity for the arrest.

### b. *Malicious Prosecution*

 It is well-established that a claim for malicious prosecution can form the basis for liability under 42 U.S.C. § 1983. *Raysor v. Port Authority of New York & New Jersey,* 768 F.2d 34, 39 (2d Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337; *Russo v. New York,* 672 F.2d 1014, 1018 (2d Cir.1982), *modified on other grounds,* 721 F.2d 410 (1982). Moreover, even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause. "If probable cause were no longer present at the time of the arraignment or indictment, malicious prosecution might then lie." *Oakley v. City of Rochester,* 71 A.D.2d 15, 421 N.Y.S.2d 472, 474 (4th Dept.1979), *aff'd,* 51 N.Y.2d 908, 434 N.Y.S.2d 977, 415 N.E.2d 966 (1980).

 Within a few hours of Cox's arrest, both he and the complaining witness submitted written statements which clearly indicate that Cox's participation in oral sodomy with the complaining witness was involuntary and entirely due to Christian's use of force and threats. There was no evidence to the contrary. Nevertheless, defendants proceeded to arraign and indict Cox on charges of sodomy in the first degree. As stated above, the Suffolk County District Court dismissed the indictment, finding that the evidence submitted to the Grand Jury clearly showed that Cox, as an unwilling participant in the sodomy, lacked the *mens rea* to commit sodomy in the first degree.

Viewing the facts in the light most favorable to the plaintiff, as the Court must under a motion for summary judgment based on qualified immunity, *Waldrop v. Evans,* 871 F.2d 1030, 1035 (11th Cir.1989), the Court holds that it was objectively unreasonable for the police officers to believe that they had probable cause to prosecute Cox. Consequently, they are not entitled to qualified immunity for their acts in prosecuting Cox after they received the complaining witness' written statement. *See Torres Ramirez v. Bermudez Garcia,* 898 F.2d 224, 228 (1st Cir.1990).

 Defendants' other arguments regarding the § 1983 claim based on malicious prosecution are also to no avail. They note that a district attorney is entitled to absolute immunity in prosecuting a felony charge, *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976) and that Suffolk County would not be liable under § 1983 for any wrongdoing by a district attorney in grand jury proceedings. *Baez v. Hennessy,* 853 F.2d 73, 77 (2d Cir.1988) *cert. denied,* 488 U.S. 1014, 109 S.Ct. 805, 102 L.Ed.2d 796 (1989). These statements are true, but they are also irrelevant; none of the defendants in this case is a district attorney and the County does not and cannot claim that it has immunity for the actions of its police officers. Nor will the role of the district attorney necessarily shield police officers who act as complaining witnesses from liability for malicious prosecution. *White v. Frank,* 855 F.2d 956, 962 (2d Cir.1988).

 In addition, defendants state that grand jury testimony is never given under color of law, *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), and that such testimony is, in any event, the subject of absolute immunity. *San Filippo v. U.S. Trust Co. of New York, Inc.,* 737 F.2d 246, 256 (2d Cir.1984), *cert. denied,* 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985). However, they fail to recognize that *Briscoe* is limited to civilian witnesses, *Briscoe,* 460 U.S. at 329–330, 103 S.Ct. at 1112–1113; *San Filippo,* 737 F.2d at 256, and that absolute immunity for grand jury testimony does not apply to a complaining witness. *White,* 855 F.2d at 961.

Finally, defendants argue that Cox's § 1983 claim, to the extent it is based on malicious prosecution, is barred because his indictment by the Grand Jury on the charge of sodomy in the first degree is *prima facie* evidence of probable cause. *White,* 855 F.2d at 961; *Colon v. City of New York,* 60 N.Y.2d 78, 468 N.Y.S.2d 453,

455, 455 N.E.2d 1248, 1250, *rearg. denied,* 61 N.Y.2d 670, 472 N.Y.S.2d 1028, 460 N.E.2d 232 (1983). However, both *White* and *Colon* explain that a plaintiff can still prove a lack of probable cause if he can show that "the defendant misrepresented, withheld or falsified evidence." *White,* 855 F.2d at 962; *see Colon,* 468 N.Y.S.2d at 455–56, 455 N.E.2d at 1250–51.

■ At this point in the litigation, Cox has presented no evidence of any such misconduct on the part of defendants. Nevertheless, since plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, he is entitled to attempt to establish defendants' misconduct through discovery. *See Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, defendants motion for summary judgment as to that portion of the § 1983 action which is based on malicious prosecution is denied, with leave granted to replead after the completion of discovery.

### c. *Use of Excessive Force*

■ The use of excessive force during an arrest, an investigatory stop, or any other seizure of a free citizen violates that person's Fourth Amendment rights and is actionable under 42 U.S.C. § 1983. *Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 1867, 104 L.Ed.2d 443 (1989). The standard is objective: were the officers' actions " 'objectively reasonable' in light of the facts and circumstances confronting them." *Id.* at 397, 109 S.Ct. at 1872.

When there was no provocation, police officers have been held liable under § 1983 for the use of relatively minor physical force against a person in their custody. *Bauer v. Norris,* 713 F.2d 408, 410–413 (8th Cir.1983). The Second Circuit has held that a "plaintiff may recover even if the injuries inflicted were not permanent or severe." *Robison v. Via,* 821 F.2d 913, 924 (2d Cir.1987); *see Calamia v. City of New York,* 879 F.2d 1025 (2d Cir.1989); *Lewis v. Downs,* 774 F.2d 711, 714 (6th Cir.1985); *Norris v. District of Columbia,* 737 F.2d 1148, 1150–52 (D.C.Cir.1984); *but see Wis-*

*niewski v. Kennard,* 901 F.2d 1276, 1279 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 309, 112 L.Ed.2d 262 (1990); *Hudson v. McMillian,* 929 F.2d 1014 (5th Cir.) (applying significant injury test under Eighth Amendment excessive force claim), *cert. granted,* —— U.S. ——, 111 S.Ct. 1579, 113 L.Ed.2d 645 (1991). Moreover, "during interrogation no physical force is constitutionally permissible." *Ware v. Reed,* 709 F.2d 345, 351 (5th Cir.1983).

■ Cox's affidavit states that during questioning at the police station he was kicked without provocation by an unnamed plainclothes officer. Even if this alleged use of excessive force was random and unauthorized, it would still be a violation of substantive due process, and therefore if the plainclothes officer can be identified, Cox would be able to maintain his § 1983 action against him. *Robison,* 821 F.2d at 924–25; *see Gilmere v. City of Atlanta, Ga.,* 774 F.2d 1495, 1500 (11th Cir.1985) (en banc), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986); *Massop v. Coughlin,* 770 F.2d 299, 301 (2d Cir.1985). However, defendant police officers are not alleged to have committed or cooperated in that act and therefore they cannot be liable for it. Accordingly, defendants' motion for summary judgment as to that portion of the § 1983 action which is based on the use of excessive force is granted, with leave granted to plaintiff to replead after the completion of discovery.

### D. STATE CLAIM FOR MALICIOUS PROSECUTION

For the reasons discussed above, this Court denies defendants' motion for summary judgment as to the pendent state claim for malicious prosecution. Leave is granted to replead after the completion of discovery.

### III. CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss Cox's second, third and fourth causes of action for negligence, assault and battery, and false arrest is granted. Defendants' motion for summary judgment as to the first cause of

**110**

action, brought under 42 U.S.C. § 1983, is granted in full as to the County and the Police Department; it is granted as to the police officers to the extent the claim is based on false arrest and excessive force; it is denied as to the police officers to the extent the claim is based on malicious prosecution. Defendants' motion for summary judgment as to the fifth cause of action, the pendent state claim for malicious prosecution, is denied. Leave is granted to all parties to replead following the completion of discovery.

SO ORDERED.