■ In the Matter of KAREEM McL., a Person Alleged to be a Juvenile Delinquent, Appellant. [714 NYS2d 130] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Grosvenor, J.), dated June 25, 1999, which upon a fact-finding order of the same court, dated May 24, 1999, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crime of possession of imitation firearms in violation of the Administrative Code of the City of New York former § 10-131 (g), adjudged him to be a juvenile delinquent and placed him under the supervision of the Probation Department for a period of one year. The appeal brings up for review the fact-finding order dated May 24, 1999.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On February 17, 1999, a police officer patrolling a New York City housing project saw the appellant, Kareem McL., a minor, in a stairway with his back to the officer. The appellant turned towards the officer, pointing at him what was later determined to be a toy gun.

There is no merit to the appellant's contention that the Family Court erred in finding that the toy gun he possessed came within the statutory definition of an imitation pistol under the Administrative Code of the City of New York former § 10-131 (g). That provision stated: "It shall be unlawful for any person to * * * possess or use or attempt to use * * * any toy or imitation pistol or revolver which substantially duplicates an actual pistol or revolver, unless said imitation or toy pistol or revolver shall be colored in colors other than black, blue, silver or

aluminum, and further provided that the barrel of said toy or imitation pistol or revolver shall be closed with the same material of which the toy or imitation pistol or revolver is made for a distance of not less than one-half inch from the front end of said barrel".

Despite the negligible presence of "colors other than black, blue, silver or aluminum" (Administrative Code of City of NY former § 10-131 [g]), the toy gun substantially duplicated an actual pistol, in that it was "so designed that [it] may readily be mistaken for [a] real gun * * * so 'as to be used or usable for nefarious purposes' " (*People v Judiz,* 38 NY2d 529, 532, quoting 1 Proceedings of Council of City of NY, at 74 [1955]). In addition, the hearing testimony established that the depth of the open barrel of the gun possessed by the appellant was more than one-half of an inch deep.

Accordingly, the Family Court properly found that the toy gun came within the statutory definition of an imitation pistol under the Administrative Code. O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.