Mohammad KHAN Plaintiffs,

v.

Patrick P. RYAN, John Doe, Richard Roe and the City of New York Defendants.

No. 99 CV 2142.

United States District Court, E.D. New York.

April 10, 2001.

282

---

Alan D. Levine, Kew Gardens, NY, for Mahammad Khan, plaintiff.

John P. Francolla, Corporation Counsel of the city of New York Law Dept., New York, NY, for defendants.

## MEMORANDUM, ORDER & JUDGMENT

WEINSTEIN, Senior District Judge.

### I. Introduction

Plaintiff, the manager of a small pharmacy in Jamaica, Queens, sues the City of New York and three New York City police officers alleging that he was unlawfully arrested, imprisoned and prosecuted for selling toy guns. He claims that he did not violate the New York City Administrative Code regulating the sale of such guns and that there was no probable cause to arrest him. His false arrest, false imprisonment and malicious prosecution actions rest on section 1983 of title 42 of the United States Code and state common law.

Defendants have moved for summary judgment on five legal grounds: 1) probable cause existed to arrest the plaintiff; 2) plaintiff has not demonstrated malice; 3) defendants are entitled to qualified immunity; 4) plaintiff cannot satisfy the elements of a claim against the City under section 1983; and 5) common law negligence cannot be established. Because there was probable cause to arrest and no negligence, the motion to dismiss is granted.

### II. Facts

In August 1998, New York City police officers fired seventeen shots at a sixteen year old boy who they thought was carrying submachine gun; it turned out to be a water pistol. *Lawstreet Journal,* NYPD Officers Fire 17 Shots at Teen Carrying Water Gun (August 28, 1998), *available at* http://www.lawstreet.com/journal/art980828brief.html. As a result of the incident the New York City Police Department's Chief of Patrol directed commanding officers in all precincts to "inspect all stores within their boundaries that sell imitation toy pistols that resemble real weapons." Levine Dec. Exh. B. A copy of the relevant section of the Administrative Code (§ 10–131(g)) was attached to an order instructing officers who found toy guns being offered for sale in violation of the Code to arrest the person in charge of the store selling the items. *Id.*

The Code provision outlawed toy guns unless they were colored other then black, blue, silver, or aluminum. It provided:

It shall be unlawful for any person to sell or offer for sale ... [a]ny toy or imitation revolver which substantially duplicates an actual pistol or revolver, unless said imitation or toy pistol or revolver shall be colored in colors other than black, blue, silver, or aluminum ...

*See* Public Safety, New York City Administrative Code § 10–131(g) (1998).

On September 8, 1998 plaintiff Mohammad Khan, was at work, managing the Hillside Pharmacy. The defendants, three plainclothes police officers, entered the store and inspected a display of toy guns. Sergeant Witt informed Mr. Khan that the toy guns he was selling violated the New York City Administrative Code. Although Mr. Khan offered to remove the guns from

the shelves, the officers placed him under arrest. At least two of the officers read copies of the Code provision prior to the arrest.

The plastic guns are predominantly black. *See* Exhibit A attached. They have red plastic plugs and cylinders. At the hearing on this motion for summary judgment, a demonstration showed that the red colored portions of the guns could be removed or covered by the hand holding them in shooting position, so that, as displayed to a person threatened, they would appear to be real black pistols.

Mr. Kahn remained in criminal custody overnight and was released after arraignment. The criminal case against plaintiff appeared on the calendar of Criminal Court on September 29, 1998. *See* Levine Dec. Exh. I. Two of the toy pistols at issue were examined by the Court. The Court found them to be in compliance with the Administrative Code and, on the People's motion, dismissed the case against Mr. Khan. *Id.* The instant civil suit was then brought by Mr. Khan.

New York City Administrative Code has been revised and expanded since the filing of this complaint, to clearly outlaw toy guns such as the ones in question. In relevant part, it reads:

> It shall be unlawful for any person to sell or offer to sell, possess or use or attempt to use or give away, any toy or imitation firearm which substantially duplicates or can be reasonably be perceived to be an actual firearm unless:
>
> (a) *the entire exterior surface of such toy or imitation firearm is colored* white, bright *red,* bright orange, bright yellow, bright green, bright blue, bright pink or bright purple, either singly or as the predominant color or in combination with other colors in any pattern . . .

*See* Public Safety, New York City Administrative Code § 10–131(g) (amended Jan. 16, 2000) (emphasis added).

This version of the code was not in force when plaintiff was arrested or prosecuted.

## III. Law

### A. *Prerequisites For Summary Judgment*

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Mitchell v. Washingtonville Central School District,* 190 F.3d 1, 5 (2d Cir.1999). "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986). The burden rests initially with the moving party to demonstrate the absence of a genuine issue of material fact. *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding the motion, all inferences and ambiguities are to be resolved in favor of the party opposing summary judgment. *See Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1223 (2d Cir.1994). Only when reasonable minds could not differ as to the import of the proffered evidence is summary judgment proper. *See Anderson,* 477 U.S. at 250–52, 106 S.Ct. 2505; *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991).

### B. *False Arrest and False Imprisonment*

 A section 1983 claim for false arrest is substantially the same as a state claim for false imprisonment. *See Coving-*

ton v. City of New York, 171 F.3d 117, 125 (2d Cir.1999). Under the Fourth Amendment and section 1983, a person may not be arrested by a state officer without probable cause. Cook v. Sheldon, 41 F.3d 73, 77 (2d Cir.1994). In the context of section 1983 claims, federal courts have held that the plaintiff bears the burden of establishing the absence of probable cause. See Campbell v. Giuliani, 2000 WL 194815, *2, 2000 U.S. Dist. LEXIS 1617 * 7 (E.D.N.Y. 2000). Moreover, "the existence of" probable cause to arrest constitutes justification and is a "complete defense to an action for false arrest." Bernard v. United States, 25 F.3d 98, 102 (2d Cir.1994).

■ Courts evaluating probable cause for a false arrest must consider the information available to the officer at the time of the arrest and immediately before it. See Warren v. Dwyer, 906 F.2d 70, 73 (2d Cir.), cert. denied, 498 U.S. 967, 111 S.Ct. 431, 112 L.Ed.2d 414 (1990). Probable cause exists when there are "facts and circumstances 'sufficient to warrant a prudent man to believe that the [suspect] had committed or was committing an offense.'" Gerstein v. Pugh, 420 U.S. 103, 111, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975) (citation omitted).

### C. Malicious Prosecution

■ To prevail on a claim of malicious prosecution, four elements must be established: (1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding could succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor. See 42 U.S.C. § 1983; Ricciuti v. New York City Transit Authority, 124 F.3d 123, 130 (2d Cir.1997). Plaintiff must show conduct that was tortious under state law and that the injury was "caused by the deprivation of liberty guaranteed by the Fourth Amendment." Sing-

er v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir.1995), cert. denied, 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996).

■ The Fourth Amendment protection against unreasonable "seizures" may be pursued in a suit brought under section 1983 even in cases of pretrial release if "accompanied by burdensome conditions that affect a significant restraint of liberty." Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir.1997) (requirement that defendant attend court appointments constituted a "seizure" within the meaning of the Fourth Amendment despite pre-trial release); see also Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir.1996); Noel v. Houtman, 1997 WL 176316 (N.D.N.Y. Apr 8, 1997) ("[W]arrantless arrests—up to the time of arraignment—are usually considered under the rubric of false arrest and not malicious prosecution ... However, ... because the Lowth court found factual issues on a malicious prosecution claim despite the absence of liberty after the issuance of process, ... [the Court] must examine the elements of a common law malicious prosecution claim.").

■ Under New York law, "even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause." Cox v. County of Suffolk, 780 F.Supp. 103, 108 (E.D.N.Y.1991); see also Maxwell v. City of New York, 156 A.D.2d 28, 554 N.Y.S.2d 502 (N.Y.App.Div.1990). The New York Court of Appeals has noted that "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause." Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir.1996) (citing Colon v. City of New York, 60 N.Y.2d at 82, 455 N.E.2d 1248, 468 N.Y.S.2d 453 (citation omitted)).

■ The element of malice does not connote actual spite or hatred, but means only "that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga,* 82 F.3d at 572 (citing *Nardelli v. Stamberg,* 44 N.Y.2d 500, 502–03, 377 N.E.2d 975, 976, 406 N.Y.S.2d 443, 445 (1978)). In most cases, the lack of probable cause—while not dispositive—"tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause." *Id.* (plausible to infer malice when no facts demonstrated probable cause for resisting arrest).

### D. Qualified Immunity

■ Defendant officers may be qualifiedly immune from liability under section 1983 if "1) their actions did not violate clearly established law, or 2) it was objectively reasonable for them to believe that their actions did not violate the law." *See Warren v. Keane,* 196 F.3d 330, 332 (2d Cir.1999). The first prong of the test requires courts to determine "whether preexisting law sufficiently foreshadows the direction it will take such that government officials have reasonable notice of the illegality of their actions." *See Bowman v. City of Middletown,* 91 F.Supp.2d 644, 661 (S.D.N.Y.2000). The second turns on whether "a reasonable officer could have believed that [his action was] lawful in light of clearly established law and the information the officer [ ]possessed" at the time the criminal proceeding was commenced. *Mejia v. City of New York,* 119 F.Supp.2d 232, 255 (E.D.N.Y.2000) (citing *Anderson v. Creighton,* 483 U.S. 635, 638–39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

### E. Monell Claim

■ A city may be liable under section 1983 if plaintiff can show that executing an official policy caused the plaintiff to be subjected to the "denial of a constitutional right." *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir.1983); *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In the absence of an official policy, plaintiff must allege a Constitutional deprivation resulted from a failure to train or properly supervise employees. *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The failure to train must rise to the level of deliberate indifference or gross negligence with respect to a Constitutional deprivation of rights. *Id.* If there is no underlying constitutional violation by a municipal official, the municipality is not liable. *See Collins v. City of Harker Heights,* 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

## IV Application of Law to Facts

### A. Probable Cause

The presence of probable cause is fatal to plaintiff's false arrest, false imprisonment, and malicious prosecution claim.

#### 1. False Arrest and False Imprisonment

■ Plaintiff contends that because some of the pistols had red cylinders and red plastic plugs in the barrels, they complied with the New York City Administrative Code section 10–131(g) then in force, an ordinance worded to exclude his wares. He contends that the Code clearly provided that guns colored red were outside the scope of the ordinance. Because parts of the gun were red he argues that the defendants lacked probable cause to arrest, giving rise to a valid malicious prosecution claim. *See, e.g., Lowth v. Town of Cheektowaga,* 82 F.3d at 572 (plausible to infer

malice when no facts demonstrated probable cause for resisting arrest).

The facts belie plaintiff's contention. Sufficient probable cause existed to defeat plaintiff's false arrest, imprisonment and malicious prosecution claims.

The original ordinance was ambiguous. It did not specify how much or what parts of the gun had to be brightly colored to be considered a "toy." The recent version of the ordinance seems to have corrected this deficiency, and characterizes guns as toys when the "entire surface" is colored to reveal that it is a toy. *See* Public Safety, New York City Administrative Code § 10–131(g) (amended Jan. 16, 2000).

While ambiguity in the original ordinance could serve as a defense to a criminal charge, in a civil suit the tables are turned. The question now presented is whether the duty officers had sufficient probable cause to arrest the plaintiff. In this light, the officers could have reasonably interpreted the ordinance to include the toy pistols the plaintiff was selling. The guns substantially duplicate an actual pistol and are mainly black. *See In the Matter of Kareem McL.*, 276 A.D.2d 632, 714 N.Y.S.2d 130 (N.Y.App.Div.2000) (finding toy gun violated the code despite the "negligible presence of colors other than blue, black, silver, or aluminum"). Given that the reason for Code section 10–131 was to prevent the sale of toy guns so closely copied from actual weapons as not to be readily discernable as toys, a prudent police officer reasonably could have read the ordinance to outlaw guns that were primarily colored black. *City of New York v. Job–Lot Pushcart*, 213 A.D.2d 210, 211, 623 N.Y.S.2d 851 (N.Y.App.Div.1995). Defendants thus had sufficient probable cause. Plaintiff's false imprisonment and false arrest claims are dismissed.

### 2. *Malicious Prosecution*

Plaintiff's malicious prosecution claim is also deficient. No evidence came to light after the arrest to "eliminate the probable cause" necessary to prosecute Mr. Khan under the ordinance. *See Cox v. County of Suffolk*, 780 F.Supp. 103, 108 (E.D.N.Y.1991). Moreover, the plaintiff has failed to demonstrate sufficient malice to bring a malicious prosecution claim. In most cases, the lack of probable cause—while not dispositive—"tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir.1996). Plaintiff has not offered any alternative evidence showing officers lacked a good faith belief that selling the imitation guns in question violated the Administrative Code. The plaintiff cannot demonstrate actual malice sufficient to support a claim for malicious prosecution.

### B. *Qualified Immunity*

Even if the claim were not to be dismissed for the reasons already stated, the officers are entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions from liability for civil damages when their conduct does not violate any clearly established statutory or constitutional rights of which a reasonable person would have been aware. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Their interpretation of the ordinance—as it applied to these toy guns—was objectively reasonable. *Cf. Cook v. Sheldon*, 41 F.3d 73, 78 (2d Cir.1994) (finding no qualified immunity when Vehicle Identification Number statute unambiguously set out standard for violation).

### C. *Monell Claim*

The plaintiff also brings a section 1983 claim against the City of New York. This claim is also dismissed. Since there is no underlying constitutional violation by a municipal official, the City of New York may not be held liable. *See Collins v. City of Harker Heights,* 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

### D. *Common Law Negligence*

Plaintiff's pendant state law claims substantially mirror his federal claims. For the reasons described above, they are also dismissed.

### V. Conclusion

Defendant's motion for summary judgment is granted. No costs or disbursements are awarded since the plaintiff has suffered sufficiently, partly as a result of a poorly drafted ordinance. The individual officers were represented by the City of New York so they suffered no loss in defending this suit.

SO ORDERED