Caroyl WINN, Plaintiff,

v.

Shane McQUILLAN, P.O., Renee Strom, P.O., Anthony Gallo, Eric Brzostek, P.O., Raymond W. Kelly, Commissioner, Jose Chu, Lieutenant, James Paddock, Sergeant, the City of New York, Defendants.

No. 03 CIV. 2210(VM).

United States District Court, S.D. New York.

Nov. 28, 2005.

Alan D. Levine, Alan D. Levine, Esq., Kew Gardens, NY, for Plaintiff.

Susan P. Scharfstein, New York City Law Department, New York, NY, for Defendants.

## CORRECTED DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

By Decision and Order dated September 30, 2005 (the "Decision"),[1] the Court granted defendants' ("Defendants") motion for summary judgment dismissing the complaint of plaintiff Caroyl Winn ("Winn") herein in its entirety. Defendants subsequently wrote to the Court requesting reconsideration of a portion of the Court's Decision and seeking leave to file a motion for sanctions. Having considered Defendants' submission, the Court denies the requests.

Defendants seek reconsideration of the Decision insofar as the Court relied on *Russo v. State of New York,* 672 F.2d 1014, 1018 (2d Cir.1982), *modified on other grounds,* 721 F.2d 410 (2d Cir.1983), to determine that the presumption of probable cause that attaches when an arrest warrant is issued following an indictment by a grand jury does not apply where the indictment was based at least in part on the sworn statements of the same police officers who are defendants in a subsequent malicious prosecution case. *See*

*Winn,* 390 F.Supp.2d at 390. Defendants contend that the proper standard should be that applied by the Second Circuit in *Rothstein v. Carriere,* 373 F.3d 275 (2d Cir.2004). There, the Circuit Court stated that in order for a plaintiff to prevail in a malicious prosecution action after having been indicted, " 'he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.' " *See id.* at 285 (quoting *Colon v. City of New York,* 60 N.Y.2d 78, 83, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983)).

The Court finds it unnecessary to address whether there is any apparent conflict between *Russo* and *Rothstein.* Suffice it to say that while *Rothstein* sought to distinguish *Russo* on the ground that the latter case did not involve a grand jury indictment, *Rothstein* did not expressly overrule *Russo. See Rothstein,* 373 F.3d at 285. The Court has weighed several other considerations. First, even if *Russo* involved an arrest based on the issuance of judicial warrant rather than on a grand jury indictment, the *Russo* court's articulation of the rule, for which the Circuit Court relied on New York law, explicitly states that the presumption of probable cause arising from a grand jury indictment "is inapplicable" where the arrest warrant is issued by a judge on the basis of sworn accusations of the defendant in the malicious prosecution action. *Russo,* 672 F.2d at 1018 (citing cases). Second, in *Rothstein* the Second Circuit expressly noted that in that action the indictment could not have been based on the defendant's testimony before the grand jury, *see Rothstein,* 373 F.3d at 285, while in the instant case Winn's indictment was indeed procured solely on the basis of Defendants' grand jury testimony, which Winn asserted did entail Defendants' committing perjury.

---

1. The Decision is reported at *Winn v. McQuil* *lan,* 390 F.Supp.2d 385 (S.D.N.Y.2005).

■ In any event, because this Court found on other grounds that probable cause for Winn's arrest existed and thus granted Defendants' motion for summary judgment, a decision which Winn did not appeal, Defendants' request for reconsideration on these grounds is largely academic.

■ Lastly, the Court denies Defendants' leave to move for sanctions under Federal Rule of Civil Procedure 11 on the ground that Winn's pursuit of this action, after Defendants gave Rule 11 "safe harbor" notice that the case should be withdrawn, was frivolous and ill-advised litigation. Prior to Defendants' summary judgment motion the Court did give indication that Winn's theories of recovery in this action were tenuous at best in view of Winn's sworn admissions on the record of his administrative disciplinary proceeding before the Police Department. At the same time, the Court is mindful that there is a twilight zone at the confluence where zealous advocacy on behalf of a client, counsel's legal creativity, and protection of an attorney's professional reputation and practice intersect with outright frivolous argument (albeit sometimes also prodded by a pinch of desperation). As the case at hand illustrates, these borderlands are often bounded by many fine lines rather blurred by the tactical smoke parties sometimes puff into the record to obscure the lack of substance of the issue in dispute. In this large mix of drives and forces guiding an attorney's methods and strategic choices, to encourage the most vigorous and effective representation possible, the mark of what crosses into sanctionable conduct must necessarily be drawn so as to allow counsel maximum latitude and demand a fair measure of judicial tolerance. Winn's claims and his responses to Defendants' motion for summary judgment fall somewhere within these murky grounds. Upon review of his submissions, however, the Court is satisfied that Winn put forward arguments sufficiently colorable, even if just barely so, to enable him to withstand a Rule 11 sanctions motion.

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that defendants' motion for reconsideration of the Court's Decision and Order dated September 30, 2005 is DENIED; and it is finally

**ORDERED** that defendants request for leave to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 is DENIED.

**ORDERED.**