■ HEDWIG MOORE, Respondent, v ROUND HILL MANAGEMENT COMPANY, Appellant.—Judgment, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered December 13, 1989, which found in favor of plaintiff against defendant in the sum of $61,546, unanimously affirmed, without costs.

Plaintiff commenced this action to recover damages for personal injury sustained when she fell down the allegedly defective stairs of defendant's apartment building. Plaintiff's expert opined that the stairwell did not meet applicable standards. Both parties made reference to the New York City Building Code although the building was constructed prior to its enactment. The court charged, *inter alia,* that the jury could consider violation of the Code as some evidence of negligence. The court found liability against defendant and apportioned responsibility at 60% for plaintiff and 40% for defendant.

The weight of credible evidence supports the jury's liability verdict against defendant based upon a combination of plaintiff's testimony and the expert testimony with respect to the stairway geometry and lighting. Further, defendant had, at minimum, constructive notice of the structural defects *(see, Batton v Elghanayan,* 43 NY2d 898). Although the building was constructed prior to enactment of the Building Code, plaintiff's expert testified regarding uniform standards of construction over two hundred years that were included in the Code. Defendant's expert thereafter testified that the treads and risers had comported with the Code. While it would normally have been error for the court to instruct the jury that a Code violation might constitute some evidence of negli-

gence *(Biener v City of New York,* 47 AD2d 520, 521), as defendant exploited the expert testimony regarding the Code, defendant may not now claim the instructions should not have been given. In effect, the parties charted their own course, which is the law of the case. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.