**Richard COX, Plaintiff,**

v.

**COUNTY OF SUFFOLK, et al., Defendants.**

**No. CV 91–0801.**

United States District Court, E.D. New York.

July 29, 1993.

Richard J. Kaufman, Port Jefferson, NY (Alan Polsky, Bohemia, NY of counsel), for plaintiff.

Robert J. Cimino, Suffolk County Atty. by Denise A. Molia, Hauppauge, NY, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In March 1991, Richard D. Cox ("Plaintiff") commenced this action against the County of Suffolk, the Suffolk County Police Department, and Suffolk County police officers Thomas A. Ingald, David Maddox, Arthur Ahl and Gail Schaarschmidt, pursuant to 42 U.S.C. § 1983, for alleged deprivations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff also brought related state claims for negligence, assault and battery, false arrest, and malicious prosecution.

In a Memorandum and Order dated December 10, 1991, this Court granted summary judgment to Defendants on Plaintiff's state claims of negligence, assault and battery, and false arrest, but denied summary judgment on the claim for malicious prosecution. *Cox v. County of Suffolk*, 780 F.Supp. 103, 109 (E.D.N.Y.1991). Similarly, the Court granted Defendants' motion for summary judgment on the § 1983 claim to the extent that the claim was based on false arrest, assault and battery, and excessive force, but denied summary judgment to the extent that the claim was based on malicious prosecution. *Id.* Furthermore, all claims were dismissed against the County of Suffolk and the Suffolk County Police Department on the grounds that Plaintiff did not present any evidence tending to show that the County and/or the Police Department had an unconstitutional policy or that they had unconstitutionally applied a proper policy. *Id.* at 106. Consequently, the only claims that survived were the malicious prosecution claims brought against the individual police officers ("Defendants") under § 1983 and under state law.

This Court also granted leave to all parties to bring/renew motions for summary judgment following the completion of discovery. For the reasons discussed below, Defendants' motion for summary judgment as to Plaintiff's remaining claims is now denied.

## I. BACKGROUND

According to Plaintiff's complaint and affidavit, and confirmed by a statement written by the complaining witness in the underlying matter, Plaintiff and Ronnie Christian ("Christian"), an acquaintance, were lodged together at the South Bay Motel in Copiague, New York, in the fall of 1989. Before dawn, on December 2, 1989, Christian, who is much larger and stronger than Plaintiff, brought a woman back to their motel room where Plaintiff had been sleeping. Christian proceeded to brutally assault and repeatedly rape the woman. Furthermore, by the use of threatening words and behavior directed at both Cox and the woman, Christian twice compelled the woman to perform acts of oral sodomy with Plaintiff. Subsequently, when Christian fell asleep, Plaintiff told the woman to discontinue her sexual act with him and leave the motel.

Later that morning, Defendants arrested both Christian and Plaintiff. That same day, after the arrests, Defendants obtained statements by both the rape victim and Plaintiff which clearly indicate that Plaintiff's participation in oral sodomy with the rape victim was involuntary and coerced. Notwithstanding that evidence exonerating Plaintiff from willing participation in the sexual assault, police officer Ingald swore to and subscribed a felony complaint charging Plaintiff with sodomy in the first degree, New York Penal Law § 130.50, a Class B felony.

Plaintiff alleges that when he was arraigned the following day in Suffolk County District Court, a NYSIIS report of a Richard *J.* Cox, who was born in the same month and year as Plaintiff, was presented as Plaintiff's prior criminal record. Partly as a result of Richard J. Cox's prior criminal history, Plaintiff's bail was set at $250,000, which he could not meet. On December 11, 1989, Plaintiff was indicted on the sodomy charge by a Suffolk County grand jury and Richard J. Cox's NYSIIS report was again presented to the court at Plaintiff's bail hearing. Bail remained at $250,000 and, as a result, Plaintiff remained in custody for more than 90 days.

On March 22, 1990, Judge Harvey Sherman of the Suffolk County District Court, after an *in camera* review of the December 11, 1989 grand jury minutes, dismissed the indictment. Judge Sherman stated: "The evidence adduced before the Grand Jury clearly indicated that the Defendant Cox was an unwilling participant in the alleged sodomy, his participation having been obtained only upon the threat of force of Defendant Christian. Lacking is any evidence indicating that Cox had the *mens rea* to commit sodomy and, therefore, the charge must be dismissed as against Cox." *People v. Christian and Cox,* unpublished Memorandum and Decision, County Court, Suffolk County, Indictment Number 2093–89, March 22, 1990.

In an attempt to obtain evidence tending to prove that Defendants' acted with malice or lack of probable cause in pursuing his prosecution, Plaintiff moved before the Suffolk County District Court in May of 1992 for an Order to Unseal the Grand Jury proceeding. By decision dated July 15, 1992, Judge Sherman denied plaintiff's motion, stating that "it is clear that the evidence presented to the Grand Jury was not falsified or misrepresented in an effort to secure an indictment against Cox." *People v. Cox,* unpublished Memorandum and Decision, County Court, Suffolk County, July 15, 1992.

## II. DISCUSSION

A party seeking summary judgment has the burden to establish that "there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). In determining a motion for summary judgment, all inferences to be drawn from the facts contained in the exhibits and depositions "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Hawkins v. Steingut,* 829 F.2d 317, 319 (2d Cir.1987).

A. *Section 1983 Claim for Malicious Prosecution*

The requisite elements of a § 1983 claim are that the defendants, acting under

color of state law, but not cloaked with immunity, have deprived the plaintiff of a right secured by the Constitution and laws of the United States. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Adickes v. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Fine v. City of New York,* 529 F.2d 70, 73 (2d Cir.1975). It is well established that the tort of malicious prosecution is sufficient to make out a constitutional deprivation under § 1983, *White v. Frank,* 855 F.2d 956, 961, n. 5 (2d Cir.1988), and that "the same four elements must be proved for both the tort of malicious prosecution and the § 1983 claim." *Raysor v. Port Authority of New York and New Jersey,* 768 F.2d 34, 39 (2d Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986).

■ Under New York law, there are four elements of the tort of malicious prosecution: (1) the commencement or continuation of a criminal proceeding against the plaintiff; (2) favorable termination of the criminal proceeding to plaintiff; (3) want of probable cause for the proceeding; and (4) actual malice. *Colon v. City of New York,* 60 N.Y.2d 78, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248, 1250 (1983); *Broughton v. State of New York,* 37 N.Y.2d 451, 373 N.Y.S.2d 87, 94, 335 N.E.2d 310, 317 (1975), *cert. denied,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975).

It is undisputed that Plaintiff has satisfied the first two elements of a § 1983 claim based on malicious prosecution: when police officer Ingald swore to and subscribed a felony complaint charging Plaintiff with sodomy in the first degree, Defendants continued a criminal proceeding against Plaintiff; and prosecution terminated in favor of Plaintiff on March 22, 1990, when the subsequent grand jury indictment was dismissed. Therefore, this Court must concern itself only with the remaining two elements of a malicious prosecution claim: want of probable cause and actual malice.

■ One need not be certain of the outcome of a criminal proceeding to have probable cause for instituting such action. Rather, "[p]robable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to be-

lieve plaintiff guilty." *Colon,* 468 N.Y.S.2d at 455, 455 N.E.2d at 1250; *see Boose v. City of Rochester,* 71 A.D.2d 59, 421 N.Y.S.2d 740, 747 (4th Dept.1979).

■ In New York, a grand jury indictment creates a presumption of probable cause. *Colon,* 468 N.Y.S.2d at 455, 455 N.E.2d at 1250; *Lee v. City of Mount Vernon,* 49 N.Y.2d 1041, 429 N.Y.S.2d 557, 407 N.E.2d 404 (1980). The burden is on the plaintiff to rebut such presumption, and "it may be rebutted by proof that the defendant misrepresented, withheld, or falsified evidence." *White,* 855 F.2d at 961; *see also Colon,* 468 N.Y.S.2d at 455, 455 N.E.2d at 1250; *Oakley v. City of Rochester,* 71 A.D.2d 15, 421 N.Y.S.2d 472 (4th Dept.1979); *Maxwell v. City of New York,* 156 A.D.2d 28, 554 N.Y.S.2d 502 (1st Dept.1990). Defendants argue that because Plaintiff has not presented any evidence of misconduct on the part of Defendants, he has failed to overcome the presumption of probable cause which flows from his indictment, and his malicious prosecution claim must therefore be dismissed. However, all of the cases which Defendants cite are distinguishable from the case at bar because they do not involve an indictment that was dismissed due to legally insufficient evidence.

The rule that a grand jury indictment is *prima facie* evidence of probable cause is based on the reasoning that the "Grand Jury acts judicially and it may be presumed that it has acted regularly." *Colon,* 468 N.Y.S.2d at 455, 455 N.E.2d at 1250. In other words, if a grand jury passes a true bill, it may be inferred that there existed such facts and circumstances as would have led the defendants to believe that commencing or continuing the prosecution was reasonable. In this case, however, the rationale behind the rule does not apply because a state judge dismissed Plaintiff's indictment after finding it deficient as a matter of law. Such an exception was intimated by the Appellate Division, Fourth Department, in *Boose v. City of Rochester.*

In *Boose,* the plaintiff was arrested for two crimes committed by others with similar sounding names after the police erred in

determining the identity of the party named in the arrest warrant. The plaintiff was indicted by a grand jury for assault in the second degree. Three weeks later, when it was realized that there was no identification testimony, the grand jury superseded its own indictment with a no bill. The indictment was dismissed and plaintiff commenced an action for malicious prosecution alleging that certain Rochester police officers wrongfully procured her indictment due to an "inadequate investigation by the police into the identity of a criminal defendant before obtaining a warrant and making an arrest." *Boose*, 421 N.Y.S.2d at 744. In addressing the defendants' contention that Boose's original indictment raised a presumption of probable cause, the court made the following statement in dicta:

> The rule is based upon the reasoning that the Grand Jury acts judicially and it may be presumed that it has acted regularly on the matter. The burden is placed upon plaintiff, therefore, to rebut this presumption. One may well question whether there is any basis for application of the rule in this case when the Grand Jury superseded its original indictment three weeks later with a no bill.

*Id.* at 749. However, the *Boose* court did not have to determine that issue because the plaintiff submitted sufficient evidence of bad faith on the part of the Rochester police officers to overcome the presumption of probable cause created by the grand jury indictment.

■ This Court now holds that where a grand jury indictment is reviewed by a state judge and dismissed due to total lack of evidence in support of one of the elements of the crime charged, the presumption of probable cause raised by that indictment will fall.[1] Thus, when Plaintiff's indictment was dismissed on March 22, 1990, the presumption of probable cause disappeared, and Defen-

dants cannot be granted summary judgment based on establishment of probable cause.

■ The essential facts of this case are undisputed. Within a few hours after Plaintiff's arrest, Defendants received written statements by both Plaintiff and the rape victim which clearly indicated that Plaintiff's participation in oral sodomy with the rape victim was involuntary and coerced. In fact, upon review of Plaintiff's indictment, Judge Sherman later found that there was a total lack of evidence indicating that Plaintiff had the *mens rea* to commit a crime. *People v. Christian and Cox*, unpublished Memorandum and Decision, County Court, Suffolk County, Indictment Number 2093–89, March 22, 1990. Nonetheless, Defendants proceeded to arraign and indict Plaintiff on charges of sodomy in the first degree.

As stated above, "[p]robable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty." *Colon*, 468 N.Y.S.2d at 455, 455 N.E.2d at 1250. Because it was objectively unreasonable for the police officers to continue Plaintiff's prosecution after their receipt of the statements by Cox and the rape victim, this Court finds, as a matter of law, that Plaintiff has established that Defendants lacked probable cause to continue the prosecution. Thus, Plaintiff has satisfied the third element of his malicious prosecution claim.

The only remaining issue before this Court is that of malice. If Plaintiff cannot prove actual malice on the part of Defendants in continuing his prosecution, his malicious prosecution action must fail. Defendants correctly maintain that Plaintiff has failed to present any evidence tending to establish misconduct, falsification of evidence, or bad faith on their part. However, lack of evidence of bad faith is not dispositive on the issue of malice because malice does not necessarily involve a corrupt motive.

1. The Court notes that in *Colon*, the New York Court of Appeals states that, "[t]he presumption may be overcome *only* by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that

they have withheld evidence or otherwise acted in bad faith." *Colon*, 468 N.Y.S.2d at 456, 455 N.E.2d at 1251 (emphasis added). However, *Colon* nonetheless cites *Boose* approvingly for the proposition that a presumption of probable cause may disappear where an indictment is superseded by a no bill. *Id.*

The "actual malice" element of a malicious prosecution action does not require a plaintiff to prove that the defendant was motivated by spite or hatred, although it will of course be satisfied by such proof. Rather, it means that the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.

*Nardelli v. Stamberg,* 44 N.Y.2d 500, 406 N.Y.S.2d 443, 445, 377 N.E.2d 975, 977 (1978) (citation omitted).

The existence of malice is a question of fact for the jury to decide. The jury may, but is not required to, infer malice from the total lack of probable cause for the continuation of a criminal proceeding insofar as that tends to show that Defendants did not believe in the guilt of the accused and that they did not continue the proceedings for a proper purpose. *Brault v. Town of Milton,* 527 F.2d 730, 739 n. 6 (2d Cir.1975); *Martin v. City of Albany,* 42 N.Y.2d 13, 396 N.Y.S.2d 612, 615, 364 N.E.2d 1304 (1977). Malice may also be inferred if Defendants have acted with a wanton, reckless, or grossly negligent disregard of Plaintiff's rights, inconsistent with good faith. *Boose,* 421 N.Y.S.2d at 749; *Biener v. City of New York,* 47 A.D.2d 520, 362 N.Y.S.2d 563, 567 (2d Dept.1975).

Because this Court has found that Defendants lacked probable cause to continue the prosecution against Plaintiff, the jury in this case might properly infer that Defendants acted with actual malice. Thus, Defendants' motion for summary judgment must be denied.

**B.** *State Claim for Malicious Prosecution*

Plaintiff must prove the same elements for his state malicious prosecution claim as for his § 1983 claim. *Raysor,* 768 F.2d at 39. For the reasons set forth above, he has successfully established the first three elements: (1) continuation of a criminal proceeding against him; (2) termination of the criminal proceeding in his favor; and (3) want of probable cause for the proceeding. The fourth element, malice, is an issue of fact for the jury to decide. Consequently, the Court denies Defendants' motion for summary

judgment as to Plaintiff's pendent claim for malicious prosecution.

### III. CONCLUSION

Accordingly, for the reasons set forth above, Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied.

SO ORDERED.