12-3277-cv
Werking v. Andrews

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

Present:
    AMALYA L. KEARSE,
    ROBERT A. KATZMANN,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges*.

_____

MICHAEL A. WERKING,

    *Plaintiff-Appellant*,

        v.                                    No.  12-3277-cv

MICHAEL ANDREWS, COUNTY OF ULSTER,
NEW YORK, the ULSTER COUNTY SHERIFF'S
DEPARTMENT, and WILLIAM WEISHAUPT,

    *Defendants-Appellees*.

_____

For Plaintiff-Appellant:        ROBERT N. ISSEKS, Middletown, NY (Kevin D. Bloom, Bloom & Bloom, P.C., New Windsor, NY, *on the brief*).

For Defendants-Appellees:       ERIC M. KURTZ, Cook, Netter, Cloonan, Kurtz, & Murphy P.C., Kingston, NY.

Appeal from the United States District Court for the District of Northern District of New York (McAvoy, *J.*)

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Plaintiff-Appellant Michael Werking appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), which granted summary judgment to the Defendants-Appellees on Werking's claims for false arrest and malicious prosecution and denied Werking's motion to amend his complaint. On appeal, Werking challenges only the district court's denial of his motion to amend. In that motion, which was filed after the parties completed discovery and the defendants had filed for summary judgment, Werking sought to assert a new claim under 42 U.S.C. § 1983 against the County of Ulster for abuse of process as well as to add a new plaintiff and a new defendant to the action. Werking also sought to assert a class action on behalf of all similarly situated plaintiffs. The gravamen of his new claim is that the County systematically abuses criminal process by (1) threatening individuals suspected of unlawfully retaining property with arrest if they refuse to relinquish the property and (2) arresting those individuals if they refuse to comply with the ultimatum.

"A decision to grant or deny a motion to amend is within the sound discretion of the trial court" and "will not be overturned on appeal absent an abuse of discretion." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (internal citation omitted). "An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions." *Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-27 (2d Cir. 2010) ("*AEP*

2

*Energy*"). We conclude that the district court did not abuse its discretion because Werking did not demonstrate good cause for his untimely motion to amend.

Although leave to amend a complaint generally "should be freely given in the absence of any undue delay or prejudice," *Clay v. Martin*, 509 F.2d 109, 113 (2d Cir. 1975), a party must show "good cause" to amend his or her complaint if the motion is filed after the deadline imposed by the district court in its scheduling order, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). *See also* Fed. R. Civ. P. 16(b)(4). There is no dispute that Werking's motion to amend was untimely. He filed it approximately eight months after the deadline set by the district court (and over a year after he filed his original complaint). Therefore, he is required to show good cause for his failure to propose the amendment earlier in the proceedings.

We will find "good cause" where the moving party has demonstrated "diligence," *Parker*, 204 F.3d at 340, and the amendment would not significantly prejudice the nonmoving party, *see Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). We are particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment. *See, e.g., AEP Energy*, 626 F.3d at 726-27; *Krumme,* 143 F.3d at 88; *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985).

In this case, Werking has failed to show diligence, and his proposed amendment would substantially prejudice the defendants. Werking contends that we should excuse his late motion because he did not learn about the County's alleged policy of what Werking characterizes as abusing criminal process until he deposed some of the defendants in April of 2012. However, despite having sufficient notice of the relevant facts by April, Werking inexplicably failed to file

3

his motion to amend for another two months. In the meantime, the parties completed discovery and the defendants moved for summary judgment. The case was quickly nearing the date set for a potential trial. Thus, Werking's actions hardly evince diligence.[1]

Moreover, even if there were "good reason[s]" for Werking's failure to act more quickly, that would not be "alone sufficient to discount the significant prejudice resulting from permitting [him] to file [his] amended complaint in light of the circumstances presented . . . and the late stage of the litigation." *AEP Energy*, 626 F.3d at 727. Werking's proposed amendment would not only have altered his legal theory, it would have changed the entire nature of the case by turning it into a class action and by asserting a claim that the County had an unconstitutional policy or custom under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Moreover, he sought to add a new defendant (the County's District Attorney) and a new plaintiff whose claim was based on an entirely different set of operative facts.

Even one of these changes, let alone all of them in conjunction, would have required substantial additional discovery after the parties had *just* completed the discovery process. "In other words, the impact of the proposed new claim on the existing proceedings would have been substantial. Its assertion would undoubtedly have required the defendants to expend significant additional resources . . . and would have significantly delayed the resolution of the dispute." *AEP Energy*, 626 F.3d at 727 (internal quotation marks and alterations omitted). The delay was "especially prejudicial given the fact the discovery had been completed and [the defendants] had already filed a motion for summary judgment." *Ansam Assocs.*, 760 F.2d at 446. For these

---

[1] Additionally, while Werking may not have known about County policies until April of 2012, he certainly knew that those defendants had threatened him with arrest if he did not relinquish a trailer to its alleged owner.

reasons, Werking did not have "good cause" for his untimely motion to amend, and the district court did not abuse its discretion in denying the motion.

Although the district court did not deny Werking's motion on this particular ground, we have previously held that it would be "futile to remand to the district court for it to make a discretionary ruling" on whether a proposed amendment would be prejudicial when the "disposition is so clearly sound" and the district court had already rejected the amendment on other grounds. *AEP Energy*, 626 F.3d at 726. We think that remand would be similarly futile here because there is no question that Werking lacked "good cause" for his proposed amendment.[2]

We have considered all of Werking's arguments on this issue and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Therefore, we need not consider whether the district court was correct that Werking's proposed new claim lacked merit.

5