**Bobby Farid HADID, Plaintiff,**

v.

**The CITY OF NEW YORK, et al., Defendants.**

**15–CV–19 (WFK) (RER)**

United States District Court, E.D. New York.

Signed 04/22/2016

See also 121 A.D.3d 811.

Nathaniel B. Smith, Law Office of Nathaniel B. Smith, John David Lenoir, New York, NY, for Plaintiff.

Anthony M. Disenso, Christopher Aaron Seacord, NYC Law Department, New York, NY, for Defendants.

## DECISION & ORDER

WILLIAM F. KUNTZ, II, United States District Judge:

On January 5, 2015, Plaintiff Bobby Farid Hadid ("Plaintiff") filed a Complaint against The City of New York, Raymond W. Kelly, David Cohen, Thomas Galati, William Bratton, John Miller, Charles Campisi, Christopher Broschart, Charles Hynes, Melissa Carvajal, and Elizabeth Moehle (collectively "Defendants") alleging violations of his rights pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1985 for abuse of process, false arrest, malicious prosecution, and denial of Plaintiff s right to a fair trial. ECF No. 1 ("Complaint"). Defendants moved to dismiss the Complaint for lack of jurisdiction and failure to state a claim on October 2, 2015. ECF No. 37. On November 30, 2015, the Court granted in part and denied in part Defendants' motion. ECF No. 51. Plaintiff now moves for leave to amend the Complaint, or, in the alternative, for the Court to reconsider its November 30, 2015 decision. ECF No. 72. For the reasons that follow, Plaintiff's motion is DENIED in its entirety.

## BACKGROUND

The court assumes the parties' familiarity with the underlying facts of this action. *See Hadid v. City of New York*, 15–CV–19, 2015 WL 7734098, at *1–3 (E.D.N.Y. Nov. 30, 2015) (Kuntz, J.).

Plaintiff filed the instant Complaint on January 5, 2015, asserting the following causes of action against Defendants: (1) Violation of First Amendment Rights under 42 U.S.C. § 1983, (2) Malicious and Fraudulent Prosecution under 42 U.S.C. § 1983, (3) Malicious Abuse of Process under 42 U.S.C. § 1983, (4) Conspiracy to Violate Plaintiff's Civil Rights under 42 U.S.C. § 1983, (5) Conspiracy to Violate Plaintiff's Civil Rights under 42 U.S.C. § 1985(3), (6) Violation of Plaintiff s Right to a Fair Trial under 42 U.S.C. § 1983, (7) Violation of Substantive and Procedural Due Process under 42 U.S.C. § 1983, (8) Municipal Liability under 42 U.S.C. § 1983, (9) Malicious Prosecution under New York State law, (10) Malicious Abuse of Process under New York State law, and (11) False Arrest under New York State law. Complaint 76–130.

During a pre-motion conference on April 16, 2015, Defendants requested permission

to file a motion to dismiss this action in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1). *See* ECF Minute Entry dated Apr. 16, 2015. The Court permitted Defendants to file their motion, but denied Defendants' request for a stay of discovery. *Id.* The Court set out an initial briefing schedule that required Defendants to file their fully-briefed motion to dismiss on or before July 17, 2015. *Id.* The Court granted Defendants an extension of time to prepare their initial moving papers, which they served on Plaintiff on May 29, 2015. ECF No. 18. The Court granted Plaintiff two extensions of time to prepare his opposition papers, which he served on Defendants on August 3, 2015. ECF Nos. 20, 22. The Court then granted Defendants two extensions of time to prepare their reply papers, pushing the filing date for the fully-briefed motion to October 2, 2015. ECF Nos. 30, 34.

During a discovery status conference before Magistrate Judge Ramon E. Reyes on May 5, 2015, Plaintiff requested permission to file an Amended Complaint beyond the period allowed as a matter of course under Fed.R.Civ.P. 15(a). *See* ECF No. 19 at 28–30; Fed.R.Civ.P. 15(a)(1)(B) (permitting amendment as a right twenty-one days after service of a 12(b) motion). Magistrate Judge Reyes, over Defendants' objection, entered a scheduling order allowing Plaintiff to file an Amended Complaint on or before August 15, 2015. ECF No. 17. At a subsequent discovery conference on August 13, 2015, Plaintiff sought to extend his time to amend the Complaint further. *See* ECF No. 27 at 20–23. Magistrate Judge Reyes denied the request, reasoning that extending the time to file Plaintiff's Amended Complaint would moot the pending motion to dismiss, which was almost fully briefed. *Id.* Plaintiff did not file an amended complaint on or before the August 15, 2015 deadline.

On October 2, 2015, Defendants filed the fully-briefed motion to dismiss. ECF No. 37. On November 30, 2015, the Court issued a Decision and Order granting Defendants' motion as to all claims except for Plaintiff's First Amendment retaliation claims occurring on or after January 5, 2012. ECF No. 51. On January 26, 2016, Plaintiff moved for leave to amend the Complaint to address certain pleading defects, or, in the alternative, for reconsideration of the Court's November 30, 2015 Decision and Order as to Plaintiff's second and ninth causes of action. ECF No. 72 ("Pl.'s Mot."). For the reasons stated below, the Court hereby DENIES Plaintiff's motion.

## ANALYSIS

### I. Motion for Leave to Amend

#### A. Legal Standard

Federal Rule of Civil Procedure 15(a) permits a court to grant leave to amend "freely" when "justice so requires." The Court retains "sound discretion" over the decision, however, and may deny leave for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007). An amendment is futile "if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 Fed.Appx. 617, 622 (2d Cir.2009) (citation omitted). Undue prejudice exists where "an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of a dispute.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir.2008) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

When a plaintiff seeks to amend his or her complaint after the deadline imposed by a scheduling order, the Court must balance the Rule 15(a) standard against the Rule 16(b) mandate that a scheduling order "shall not be modified except upon a showing of good cause." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir.2003) (citing Fed.R.Civ.P. 15(a), 16(b)); *see Werking v. Andrews*, 526 Fed.Appx. 94, 96 (2d Cir.2013) ("[A] party must show 'good cause' to amend his or her complaint if the motion is filed after the deadline imposed by the district court in its scheduling order ..."); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000) (Sotomayor, J.) ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."). To demonstrate good cause, a party must show that "despite its having exercised diligence, the applicable [amendment] deadline could not have been reasonably met." *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F.Supp.2d 453, 457 (S.D.N.Y.2012) (Engelmayer, J.). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Id.* (citations omitted).

While conducting a Rule 16 good cause analysis, the Court may consider "other relevant factors including ... whether allowing the amendment of the pleading at this stage of litigation will prejudice [the non-moving party]." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir.2007). "Absence of prejudice to the non-moving party, however, is not alone sufficient to satisfy the good cause requirement of Rule 16(b)." *Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, 07–CV–

1178, 2008 WL 781823, at *2 (S.D.N.Y. Mar. 20, 2008) (Maas, J.).

## B. Discussion

### 1. Good Cause

Plaintiff argues that a file obtained on December 3, 2015, from the New York Police Department ("NYPD") Advocate's Office reveals information about an investigation pertinent to Plaintiff's case that should have been previously disclosed under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Pl.'s Mot. at 8–9. According to Plaintiff, this file constitutes good cause to amend the Complaint, because it reveals conduct of the NYPD and the King's County District Attorney's Office ("KCDA") relevant to Plaintiff's proposed additional *Monell* claims. *Id.*

Defendants argue that Plaintiff has failed to put forward any basis for a finding that good cause exists to amend the Complaint. ECF No. 73 ("Opp.") at 17. Defendants argue that Plaintiff was put on notice of the Complaint's deficiencies once he was served with Defendants' initial moving papers on May 29, 2015, and that Plaintiff had ample time and opportunity to file an Amended Complaint in advance of the August 15, 2015 deadline set by Magistrate Judge Reyes in the May 5, 2015 scheduling order. *Id.* at 18. Defendants further argue that the information Plaintiff now seeks to amend into his Complaint—including allegations of personal retaliation by the NYPD and the facts providing a basis for Plaintiff's proposed *Monell* claims—were known to Plaintiff well in advance of the August 15, 2015 deadline. *Id.* at 18–19.

The Court agrees with Defendants. Plaintiff does not show the diligence required for a finding of good cause. Plaintiff "knew, or should have known" the facts constituting each of his proposed amend-

ments before the August 15, 2015 deadline. *Perfect Pearl,* 889 F.Supp.2d at 457. Plaintiff's NYPD retaliation claims would have been supported through his own experience, and yet Plaintiff provides no explanation for his failure to plead them in the original Complaint. Plaintiff also provides no explanation for his failure to plead his proposed *Monell* claims in the first instance, considering that the Complaint alleges that Defendants failed to disclose Brady material and manufactured false evidence. In fact, Plaintiff's opposition brief, filed two weeks in advance of the amendment deadline, explicitly expressed an intention to plead an additional *Monell* claim against the KCDA. ECF No. 40 at 34 n.65. Plaintiff's opposition brief also referred to the "Blue Wall of Silence" theory of municipal liability that he now seeks to add into his proposed Amended Complaint. *Id.* at 33–34. Accordingly, the Court finds that Plaintiff knew the information that he now seeks to re-plead well in advance of the amendment deadline.

The Court disagrees with Plaintiff's argument that Magistrate Judge Reyes directed him not to file an Amended Complaint during the August 13, 2015 discovery conference. *See* ECF No. 75 ("Reply") at 6–7. The transcript shows that Plaintiff sought to file an Amended Complaint on a date after the fully briefed motion to dismiss was due. ECF No. 27 at 20–22. Magistrate Judge Reyes correctly denied this request on the grounds that it would waste judicial time and resources by mooting a fully-briefed motion. *Id.* Plaintiff could have amended as of right before August 15, 2015, but he instead chose to wait until after the Court had decided Defendants' motion to dismiss. Plaintiff's request is now judged in light of the changed circumstances, and the Court finds that he has not demonstrated good cause to amend.

### 2. Prejudice

Plaintiff argues that allowing his proposed amendments would not unduly prejudice Defendants because Defendants have long been on notice of Plaintiff s intention to amend. Pl.'s Mot. at 7. In support of this argument, Plaintiff points to his three prior requests for leave to amend: (1) on August 3, 2015, when Plaintiff requested leave to amend in his opposition papers to Defendant's motion to dismiss; (2) around August 13, 2015, when Plaintiff raised the issue of amendment before Magistrate Judge Reyes as the amendment deadline approached; and (3) in November 2015, when Plaintiff requested leave to amend promptly after the Court's decision on Defendants' motion to dismiss. *Id.* Plaintiff further argues that, because discovery is far from complete and no depositions have yet been scheduled, amendment would not serve to delay the litigation of this matter. *Id.*

Defendants argue that Plaintiff's proposed amendments would cause undue prejudice and delay this litigation. Opp. at 21. Contrary to Plaintiff's assertions, Defendants claim that discovery is largely complete. *Id.* at 22–23. In support of this, Defendants point to the transcript of the discovery conference held on December 22, 2015, when Magistrate Judge Reyes ordered that all interrogatories, electronically stored information discovery, and document discovery be completed by January 19, 2016. *Id.* Defendants argue that they expended considerable time and resources to comply with this deadline, and they believe that Plaintiff's addition of new defendants and three new *Monell* claims would require significant additional document discovery and would necessitate an adjournment of the trial, which was scheduled to begin on April 11, 2016. *Id.*

On February 16, 2016, discovery in this action was extended through June 3, 2016, and trial was rescheduled to begin on July 5, 2016. *See* ECF No. 79. As such, Defendants' arguments regarding the proximity of trial no longer carry the same weight that they did at the time of briefing. Given the extension of discovery and the four-month adjournment of trial, undue prejudice and delay do not factor into today's denial of leave to amend.

### 3. Futility

Plaintiff argues that his proposed amendments do not fail for futility. Pl.'s Mot. at 7–8. Plaintiff insists that his proposed Amended Complaint would add factual allegations reflecting newly discovered information and would address pleading defects identified by the Court in its November 30, 2015 Decision and Order. *Id.* Specifically, Plaintiff claims that the information he obtained on December 3, 2015, from the NYPD Department Advocate's Office provides a factual basis for his proposed claims asserting *Brady* violations, *Monell* liability, conspiracy, and the inapplicability of absolute immunity to Defendant Carvajal. *Id.* at 8–9.

Defendants counter that many of Plaintiff's proposed claims are futile, because the Court has already dismissed with prejudice Plaintiff's proposed claims of false arrest and malicious abuse of process as time-barred. Opp. at 23. Defendants further argue that the Court's November 30, 2015 Decision and Order operates as an adjudication of all dismissed claims on the merits, preventing Plaintiff from re-pleading any such claims unless the Court grants Plaintiff's motion for reconsideration. *Id.* at 24.

Defendants also claim that Plaintiff has not pled facts sufficient to demonstrate the existence of a disclosure obligation under *Brady. Id.* at 25–26. Defendants insist that, even if a disclosure obligation existed, the alleged nondisclosure in Plaintiff's original criminal case could not rise to the level of a *Brady* violation for two reasons: (1) the nondisclosed investigation was conducted largely on an examination of Plaintiff s own records, and therefore cannot be considered "suppressed evidence" within the meaning of the *Brady* doctrine; and (2) any nondisclosure of evidence is immaterial as a matter of law, because Plaintiff was subsequently acquitted on appeal based on the insufficiency of the evidence at trial. *Id.* at 26–27.

Plaintiff replies that the existence of a *Brady* violation is a factual matter which cannot be addressed at the pleading stage, citing *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001). Reply at 8. Plaintiff maintains, in any event, that: (1) the alleged nondisclosed evidence was material to Plaintiff's perjury trial because it "went to the heart of the case," (2) the investigation at issue could be considered "suppressed evidence" under *Brady* because it included records from numerous third-party sources, and (3) the substance of the investigation could be used for impeachment purposes, making it *Brady* material according to *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Reply at 9.

■ The Court first addresses the amendments designed to provide additional factual support for Plaintiff's claims of false arrest, malicious abuse of process, malicious prosecution, denial of right to a fair trial, due process, 42 U.S.C. § 1983 conspiracy, 42 U.S.C. § 1985(3) conspiracy, and municipal liability. These amendments fail for futility, as they were dismissed on the merits by the Court's November 30, 2015 Decision and Order. *See* Fed.R.Civ.P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits.").

■ All amended claims against Defendants Hynes, Moehle, and Carvajal also fail for futility. The Court previously ruled that these defendants are entitled to immunity and dismissed all claims against them. *See Hadid*, 2015 WL 7734098, at *5–7. A motion for reconsideration is the proper procedural mechanism for Plaintiff to re-assert these previously dismissed claims. *See In re Bisys Sec. Litig.*, 496 F.Supp.2d 384, 386 (S.D.N.Y.2007) (Rakoff, J.) ("Plaintiffs purport to be making this request under Fed.R.Civ.P. 15(a), relating to amended pleadings. Since, however, as the foregoing events make clear, the claims against [Defendant] were previously dismissed with prejudice, the Court will construe plaintiffs' request as a motion under Fed.R.Civ.P. 54(b), seeking revision of the dismissal with prejudice prior to final judgment being entered.").[1]

■ Plaintiff s new *Monell* claims, based on an alleged *Brady* violation, also fail for futility. Contrary to Plaintiff s assertion, *Milanese* does not stand for the proposition that the existence of a *Brady* violation may not be addressed by the Court at the pleadings stage. Rather, the Second Circuit held in *Milanese* that when a motion for leave to amend is made in response to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the district court may deny leave to amend "if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese*, 244 F.3d at 110. Here, Plaintiff alleges that the KCDA and the NYPD conducted an investigation of Plaintiff s history, failed to uncover any evidence of professional misconduct, and refused to disclose this lack of evidence during Plaintiff's perjury trial. *See* ECF No. 72–4. The Court finds that, as a matter of law, Plaintiff's allegations do not amount to a *Brady* violation. The *Brady* right pertains to the "suppression by the prosecution of evidence . . . material either to guilt or to punishment," such as exculpatory witness statements, physical evidence, *et cetera*. 373 U.S. at 87, 83 S.Ct. 1194. The fact that an investigation uncovered *no* evidence is not, in and of itself, "evidence" giving rise to a disclosure obligation. *See United States v. Sessa*, 711 F.3d 316, 322 (2d Cir.2013) ("[T]here is 'no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.' " (quoting *Moore v. Illinois*, 408 U.S. 786, 795, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972))). The proper means of addressing the insufficiency of the prosecution's evidence is to comment on and attack the lack of evidence, which Plaintiff's trial attorney did. *See* ECF No. 74–1 at 40.

■ The allegedly suppressed "evidence" also fails the materiality prong of the *Brady* test. Evidence is material if the introduction of the evidence could be reasonably expected to result in a different outcome at trial. *See Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir.2014) ("The touchstone of materiality is a reasonable probability of a different result[.]" (internal quotation marks and citation omitted)). Here, Plaintiff appealed his criminal conviction, and the state appellate court found that the evidence put forward by the prosecution was insufficient to sustain a guilty verdict as a matter of law. *People v. Hadid*, 121 A.D.3d 811, 815, 993

---

1. Plaintiff argues that, at minimum, the Court should grant him leave to re-plead claims based on the "continuing violation" doctrine, because the Court dismissed such claims only on the basis of insufficient factual allegations. Reply at 8. As explained in Section I.B.1, however, Plaintiff has not shown the requisite good cause to amend these claims.

N.Y.S.2d 754 (N.Y.App.Div.2d Dep't 2014). Plaintiff should have been acquitted irrespective of any suppressed exculpatory evidence, and the suppressed evidence at issue is therefore immaterial. Contrary to Plaintiff's insistence, it matters not whether the evidence "went to the heart of the case," came from third-party sources, or was useful impeachment information; what matters is that the evidence was not "material either to guilt or to punishment." *Brady,* 373 U.S. at 87, 83 S.Ct. 1194.

For the aforementioned reasons, Plaintiff's motion for leave to amend the Complaint is DENIED.

## II. Motion to Reconsider

### A. Legal Standard

■■■■ "The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court." *Murphy v. First Reliance Standard Life Ins. Co.,* 08–CV–3603, 2010 WL 2243356, at *3 (E.D.N.Y. June 1, 2010) (Hurley, J.) (citing *Devlin v. Transp. Comm'ns Union,* 175 F.3d 121, 132 (2d Cir.1999)). Reconsideration "is generally not favored," and a court may properly grant it "only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir.2004). A court will not grant a motion for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked ... that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995); *see also* Local Civil Rule 6.3 ("There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."). Moreover, a party may not use a motion for reconsideration to "relitigate an issue already decided" by advancing novel arguments that could have been raised previously. *Shrader,* 70 F.3d at 257; *see also Kalamas v. Consumer Solutions REO, LLC,* 09–CV–5045, 2011 WL 6026303, at *1 (E.D.N.Y. Nov. 30, 2011) (Feuerstein, J.) (holding that reconsideration should not be granted where the moving party "seeks to introduce additional facts not in the record on the original motion" or "advances new arguments or issues that could have been raised on the original motion")

### B. Discussion

■■■■ Plaintiff insists that the Court, in ruling on Defendants' motion to dismiss, did not consider Plaintiff's argument that the presumption of probable cause arising from a grand jury indictment should be rejected in this case. Pl.'s Mot. at 10. Plaintiff argues that, because the Second Department reversed Plaintiff's New York state perjury conviction and "dismissed the indictment as a matter of law and fact," Defendants should be collaterally estopped from asserting the existence of probable cause in this action. *Id.* at 11. Plaintiff also urges the Court to reconsider its dismissal of Plaintiff's malicious prosecution claims on the basis of a file disclosed by the NYPD Advocate's Office to Plaintiff on December 3, 2015. *Id.* at 12. According to Plaintiff, this file shows that the KCDA conducted an investigation into Plaintiff's affairs during his New York state perjury case and refused to disclose the results to Plaintiff. *Id.* at 12–13. Plaintiff argues that this file constitutes new evidence of a *Brady* violation, demonstrating that the perjury prosecution was conducted in bad faith and justifying reconsideration of the Court's November 30, 2015 Decision and Order. *Id.* at 13.

Defendants counter that Plaintiff's arguments are a naked attempt to re-litigate Defendants' motion to dismiss, noting that Plaintiff relies almost exclusively on argu-

ments made in his brief in opposition to that motion. Opp. at 10. Defendants argue that the Second Department, in Plaintiff's perjury trial, did not go so far as to find that Plaintiff's arrest or prosecution lacked probable cause; rather, it found that the evidence put forth by the prosecution was "legally insufficient to establish [Plaintiff's] guilt of perjury in the first degree beyond a reasonable doubt." *Id.* (citing *Hadid,* 121 A.D.3d at 813, 993 N.Y.S.2d 754). Such a finding, in Defendants' view, is insufficient to rebut the presumption of probable cause raised by Plaintiffs perjury indictment. *Id.* Furthermore, Defendants claim that Plaintiff's conviction in New York State Supreme Court does not undermine probable cause, but instead provides an alternative basis for the presumption of probable cause. *Id.* at 11 (citing *Mitchell v. Victoria Home,* 434 F.Supp.2d 219, 228 (S.D.N.Y.2006) (McMahon, J.) (holding that a conviction, even when later reversed, creates a rebuttable presumption of probable cause) and *Soto v. City of New York,* 132 F.Supp.3d 424, 455–56, 2015 WL 5569021, at *25 (E.D.N.Y.2015) (Brodie, J.) (holding that the dismissal of an indictment did not negate the presumption of probable cause)). Finally, Defendants argue that Plaintiff has not articulated a legitimate *Brady* violation and therefore does not merit reconsideration of the dismissal of his malicious prosecution claim. *Id.*

Plaintiff responds that Defendants' reliance on *Mitchell,* 434 F.Supp.2d at 228, is inapposite, because that case involved a reversal on the grounds that the trial court's conviction was against the weight of the evidence. Reply at 10. In this case, by contrast, Plaintiff argues that the Second Department dismissed the indictment as a matter of law because the prosecution could not establish the material elements of the crime of perjury, therefore rebutting the initial presumption of proba-

ble cause. *Id.* (citing *Cox v. County of Suffolk,* 827 F.Supp. 935, 939 (E.D.N.Y. 1993) (Wexler, J.) ("[W]here a grand jury indictment is reviewed by a state judge and dismissed due to total lack of evidence in support of one of the elements of the crime charged, the presumption of probable cause raised by that indictment will fall.")).

The Court finds that Plaintiff's motion for reconsideration lacks merit. Plaintiff has not identified any controlling authority that this Court overlooked in its initial decision. Rather, Plaintiff has used this motion as an opportunity to re-hash issues already decided in the November 30, 2015 Decision and Order.

Plaintiff's reliance on *Cox,* 827 F.Supp. at 939, is misplaced. In *Cox,* a rape victim was prosecuted under an anti-sodomy statute despite the fact that prosecutors possessed written statements from both the rapist and the victim demonstrating that the victim was coerced into the act. *See id.* at 937. The rape victim was never convicted, and an appellate court dismissed the indictment because there was no evidence that the victim possessed the requisite *mens rea* for sodomy. *Id.* Here, by contrast, the Second Department did not dismiss Plaintiff's indictment "due to *total lack of evidence* in support of one of the elements of the crime charged." *Id.* at 939 (emphasis added). Rather, the court reversed Plaintiff's conviction and dismissed the indictment because the totality of the evidence did not weigh in favor of conviction beyond a reasonable doubt. *See Hadid,* 121 A.D.3d at 814, 993 N.Y.S.2d 754 ("Accordingly, the evidence was legally insufficient to establish [Plaintiff's] guilt of the crime of perjury in the first degree."). Such a dismissal does not rebut the "general rule ... that a Grand Jury Indictment is prima facie evidence of probable cause" under New York state law. *Boose v. City*

*of Rochester,* 71 A.D.2d 59, 69, 421 N.Y.S.2d 740 (N.Y.App.Div.4th Dep't 1979); *see Soto,* 2015 WL 5569021, at *25.

Furthermore, Plaintiff's conviction serves as an alternative basis for the presumption of probable cause. Here, as in *Mitchell,* Plaintiff was initially convicted before winning reversal on appeal. As the *Mitchell* court explained, "[a] conviction establishes the existence of probable cause which, even when the conviction is reversed on appeal, becomes a rebuttable presumption." 434 F.Supp.2d at 228. Because Plaintiff has not provided evidence that his conviction "was the result of fraud, perjury, or other unethical acts on the part of the defendant," id. he has failed to rebut this presumption.

Finally, for the reasons articulated in Section I.B.3, Plaintiff fails to articulate a cognizable *Brady* violation, and the Court will not grant reconsideration on such grounds.

Plaintiff's motion for reconsideration is accordingly DENIED.

## CONCLUSION

For the reasons set forth above, Defendants' motion, ECF No. 72, is hereby DENIED in its entirety.

**SO ORDERED.**